UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMON LEWIS, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO: 1:19-cv-4389 ) |
| CORNERSTONE SUPPORT SERVICES, LLC, | ) ) ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case.**

Plaintiff, Damon Lewis ("Lewis"), brings this cause of action against Defendant, Cornerstone Support Services, LLC ("Defendant" or "Cornerstone"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and §§ 251 *et seq.*, on behalf of himself and others similarly situated, and the Indiana Wage Claims Statute ("IWCS"), Ind. Code §§ 22-2-9-1 *et seq.*

**II. Parties.**

1. Lewis, at all relevant to this action, has resided and/or worked within the geographical boundaries of the Southern District of Indiana.

2. Defendant is a domestic limited liability company that maintains offices and conducts business within the Southern District of Indiana.

**III. Jurisdiction.**

3. Original jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Lewis' IWCS claim because it is so

related to Lewis' FLSA claim that they form the same case or controversy under Article III of the United States Constitution.

5. Lewis is a non-exempt former "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

6. Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d) and Indiana Code § 22-2-9-1(a).

7. Lewis brings this action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and other similarly situated Direct Support Staff who have been employed by Defendant during the applicable statutory period. [*See* Consent to Join, attached as Exhibit A].

8. Venue is proper in this Court.

### IV. Factual Allegations

9. Cornerstone originally hired Lewis in May 2016 in the position of Direct Support Staff. In this position, Cornerstone considered Lewis a non-exempt employee and paid him an hourly rate and time and one-half for any overtime hours.

10. At various time over the course of his employment, Cornerstone failed to pay Lewis time and one-half his hourly rate for hours worked in excess of 40; instead paying him only straight time.

11. In fact, in 2016, Cornerstone instructed its former Human Resources Manager, Kristen DeLong, to pay all employees straight pay, regardless of whether they worked overtime.

12. DeLong complained to Sean Usher, CFO, that the employees are entitled to overtime pay. Usher responded that he "didn't care" and that if the employees worked there "for money, they're in the wrong place." DeLong also lodged her complaints with Desmond Matthews, one of Cornerstone's owners. Ultimately, DeLong resigned, in part, due to

Cornerstone's payment practices with respect to overtime.

13. In approximately February 2018, Sean Usher, CFO, informed Lewis that the company would no longer pay him for overtime because he "makes too much money." Thereafter, Cornerstone did not pay Lewis time and one-half for overtime until approximately May of 2019.

14. During the relevant time period, other Direct Care Staff routinely worked over 40 hours per work week without being paid time and one half for those hours worked over 40.

## V. Causes of Action.

### Count I - Fair Labor Standards Act Violation (on behalf of Lewis and others similarly-situated).

15. Lewis hereby incorporates paragraphs 1 through 14 of his Complaint as if the same were set forth at length herein.

16. Defendant has failed to compensate Lewis, and others similarly situated, properly for all earned overtime wages.

17. Lewis and others similarly situated suffered injury as a result of Defendant's unlawful conduct.

18. Defendant's actions have been intentional, willful, and in reckless disregard of Lewis' rights, and those rights of others similarly situated, as protected by the FLSA.

### Count II – Indiana Wage Claims Statute Violation.

19. Lewis hereby incorporates paragraphs 1 through 18 of his Complaint as if the same were set forth at length herein.

20. Defendant failed to timely pay to Plaintiff all wages owed in violation of Indiana Code § 22-2-5-2, *et seq*.

21. Lewis timely filed a wage claim with Indiana Department of Labor, Wage and Hour Division, who referred the matter to undersigned counsel pursuant to Indiana Code § 22-2-9-4.

22. Lewis has suffered damages as a result of Defendant's violations of Indiana statute.

23. Defendant's failure to pay Lewis his owed wages was in bad faith.

24. Pursuant to Indiana Code § 22-2-5-2, Plaintiff is entitled to all unpaid wages, liquidated damages, and attorneys' fees.

## VI. Requested Relief.

WHEREFORE, Lewis, by counsel, requests that this Court find for him and:

1. Order Defendant to pay all unpaid wages;

2. Order Defendant to pay liquidated damages under the FLSA;

3. Order Defendant to pay liquidated damages under the IWCS;

3. Order Defendant to pay pre-and-post judgment interest;

4. Order Defendant to pay attorneys' fees and costs incurred in litigating this action; and

5. Order Defendant to provide any and all other legal and/or equitable relief that this Court sees fit to grant.

          Respectfully submitted,

          s/ *Craig M. Williams*
          Craig M. Williams
          FOX WILLIAMS & SINK, LLC
          6177 North College Ave.
          Indianapolis, Indiana 46220
          cwilliams@fwslegal.com
          Phone: 317-254-8500

## DEMAND FOR JURY TRIAL

Damon Lewis, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

                                                           s/ *Craig M. Williams*  
                                                           Craig M. Williams